Filed 11/5/24  P. v. Gomez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B334483 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA137290) |
| v. | |
| ALFREDO GOMEZ, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Reversed with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Alfredo Gomez appeals the trial court's order resentencing him under Senate Bill No. 483 (2021-2022 Reg. Sess., Stats. 2021, ch. 728, § 3) (SB 483), codified as Penal Code section 1172.75 (formerly section 1171.1).[1]  He contends that, when the court resentenced him, he was entitled to a full resentencing, and that the court should have exercised its discretion under Senate Bill No. 1393 (2017–2018 Reg. Sess., Stats. 2018, ch. 1013, §§ 1–2) (SB 1393) to determine whether to strike Gomez's two five-year serious felony enhancements (§ 667, subdivision (a)(1)).  The People concede the errors.  We agree and remand for a full resentencing in accordance with section 1172.75, subdivision (d).

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Gomez in 2015 of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and leaving the scene of an automobile accident resulting in injury (Veh. Code, § 20001, subd. (b)(1)).  Gomez admitted he had two prior serious felony convictions (Pen. Code, § 667, subd. (a)(1)), two prior "strike" convictions within the meaning of the "Three Strikes" law (Pen. Code, § 1170.12), and two prior prison terms (Pen. Code, § 667.5, subd. (b)).  The court found true four circumstances in aggravation.

The trial court struck one of Gomez's prior strike convictions and sentenced Gomez as a second-strike offender to a total state prison term of 21 years four months.  The sentence consisted of the upper term of four years for the aggravated

---

[1]  All undesignated statutory references are to the Penal Code.  Effective January 1, 2022, section 1171.1 was renumbered to section 1172.75 with no change in text.  (Assem. Bill No. 200 (2021-2022 Reg. Sess., Stats. 2022, ch. 58, § 12).)

2

assault, doubled under the Three Strikes law; a consecutive term of one year and four months (one-third the middle term) for the Vehicle Code violation, doubled under the Three Strikes law; five years for each of the two prior serious felony convictions; and one year for each of the two prior prison terms. We affirmed the judgment on March 13, 2017. (*People v. Gomez* (Mar. 13, 2017, B269620) [nonpub. opn.].)

In 2022, Gomez was identified as a person serving a sentence that includes an invalid prior prison term enhancement, and his case information was provided to the trial court that imposed the enhancement. The trial court reviewed Gomez's record, verified his eligibility for resentencing, appointed counsel for him, and set the matter for a section 1172.75 resentencing hearing. Defense counsel submitted materials for the court's consideration, including (1) a July 23, 2023 Board of Parole Hearings form approving Gomez for parole; (2) a May 11, 2023 high school equivalency certificate; (3) a letter from Gomez outlining his rehabilitation efforts; (4) a relapse prevention plan; and (5) letters of support. Defense counsel also requested in a resentencing brief that the court "strike his strike priors and . . . find unusual circumstances and sentence him to a mental health program."

At Gomez's resentencing hearing in September 2023, the trial court indicated it would strike Gomez's two one-year prior prison term enhancements and resentence him to a total of 19 years four months in prison. Gomez himself asked the court to consider dismissing his two five-year serious felony enhancements. The court replied, "Well, that's not what we're here for today. That will be denied." Gomez responded, "I am

3

entitled to a full resentencing," to which the court replied, "Yes, and we just had it."

Gomez timely appealed.

## DISCUSSION

A.    *Legal Principles*

In 2021, SB 483 added section 1172.75 to the Penal Code. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 42, review granted Feb. 21, 2024, S283169.)  Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (§ 1172.75, subd. (a).)

Section 1172.75, subdivision (b), instructs the CDCR or county correctional administrator to " 'identify those persons in [its] custody currently serving a term . . . that includes an enhancement' " for a prior prison term under section 667.5, subdivision (b), and " 'provide the name of each [such] person . . . to the sentencing court that imposed the enhancement.' "  (*People v. Christianson* (2023) 97 Cal.App.5th 300, 310 (*Christianson*) review granted Feb. 21, 2024, S283189, quoting § 1172.75, subd. (b).)  The sentencing court "shall review the judgment" and verify that the judgment includes a prior prison term enhancement. (§ 1172.75, subd. (c).)  "If the court determines that the current judgment includes [such] an enhancement . . . the court shall recall the sentence and resentence the defendant."  (*Christianson*, at p. 310.)

Section 1172.75 outlines "specific instructions" for resentencing.  (*People v. Carter* (2023) 97 Cal.App.5th 960, 966 (*Carter*).)  "First, the resentencing 'shall result in a lesser

4

sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. . . .' [Citation.]  Second, the trial court 'shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' (§ 1172.75, subd. (d)(2).)  Third, the court 'may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]  Fourth, '[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that . . . have been stipulated to by the defendant, or have been found true beyond a reasonable doubt . . . .' [Citation.]  Finally, the court 'shall appoint counsel' for the resentencing." (*Carter*, at pp. 966-967; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855-856, fn. 12; *People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).)

B.    *The Trial Court Erred by Striking Gomez's Prior Prison Term Enhancements Without Conducting a Full Resentencing*

Gomez argues and the People concede he was entitled to a full resentencing under section 1172.75, which included the

application of a recently enacted, retroactive, ameliorative sentencing statute—SB 1393.  We agree.

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*Monroe*, *supra*, 85 Cal.App.5th at p. 402; accord, *People v. Garcia*, *supra*, 101 Cal.App.5th at p. 855; *People v. Montgomery* (2024) 100 Cal.App.5th 768, 773, review granted May 29, 2024, S284662; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted March 12, 2024, S283547 (*Saldana*); *Carter*, *supra*, 97 Cal.App.5th at p. 968; *Christianson*, *supra*, 97 Cal.App.5th at p. 314; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282.)  Section 1172.75, subdivision (d)(2), requires the trial court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion."

SB 1393 was a "change[] in law" that applied to Gomez's resentencing in September 2023.  (See *Monroe*, *supra*, 85 Cal.App.5th at p. 400.)  Whereas at the time of Gomez's original sentencing the trial court was mandated to impose two five-year serious felony enhancements under section 667, subdivision (a)(1), effective January 1, 2019, SB 1393 amended sections 667 and 1385 to give trial courts discretion to strike or dismiss such enhancements.  (See *People v. Zamora* (2019) 35 Cal.App.5th 200, 208.)

When conducting the resentencing hearing for Gomez under section 1172.75, the trial court struck Gomez's section 667.5 enhancements without considering whether to exercise its discretion to apply other ameliorative sentencing relief, such as SB 1393.  When Gomez asked the court to consider dismissing his two five-year enhancements, the court responded, "Well, that's

6

not what we're here for today.  That will be denied."  The court erred in failing to conduct a full resentencing.  (See *Carter*, *supra*, 97 Cal.App.5th at p. 968 ["simply striking the one-year enhancement . . . deprive[d] [defendant] of his right to full resentencing"]; *People v. Coddington* (2023) 96 Cal.App.5th 562, 567 [trial court erred by "fail[ing] to provide [defendant] with a full resentencing hearing, meaning a hearing in which he could have sought further sentencing relief under at least two other statutes that were enacted after his conviction"].)  Gomez was "entitled to, but did not receive, a full resentencing under the terms of section 1172.75, including the application of 'any other changes in law that reduce sentences or provide for judicial discretion' . . . .  To correct this error, remand for a full resentencing in compliance with section 1172.75 is necessary." (*Monroe, supra*, 85 Cal.App.5th at p. 402.)

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for a full resentencing hearing under section 1172.75, subdivision (d).  The trial court is directed to exercise its discretion whether to strike Gomez's two five-year enhancements under section 667, subdivision (a)(1), and to apply any other ameliorative sentencing provisions.


STONE, J.

We concur:


SEGAL, Acting P.J.          FEUER, J.


7